UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SIMON ALLEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 2:09-cv-401-WTL-DML |
| ) | |
| ) | |
| BRUCE LEMMON, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

The writ Simon Allen seeks in relation to the prison disciplinary proceeding identified as No. ISF 09-10-0313, in which it was determined that Allen had violated prison rules through his "possession of electronic device" during the afternoon of October 21, 2009, must be **denied.** The court reaches this conclusion because the pleadings and the expanded record show that the decision of the hearing officer was supported by the constitutionally sufficient "some evidence," see *Superintendent of Walpole v. Hill,* 472 U.S. 445 (1985), and that the proceedings were not tainted by procedural error. *See Wolff v. McDonnell,* 418 U.S. 539 (1974). In relation to the evidence, the ownership of the cell phone is not material to whether Allen was in possession of it, the cell phone was found behind a wall immediately after Allen had dropped something behind that same wall. The "some evidence" standard of *Wolff* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999)*; see also Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000) (even "meager" proof is sufficient). The evidence here was ample, as just described, to support the hearing officer's conclusion that Allen was in possession of the cell phone before he dropped it behind a wall.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Allen to the relief he seeks. Accordingly, Allen's petition for a writ of habeas corpus is **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

*[signature: William T. Lawrence]*

Date: 07/30/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana